## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

KEVIN HENDERSON,

  Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

  Defendant.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

      \*
      \*
      \*
      \*  Civil No. 25-4087-BAH
      \*
      \*

### MEMORANDUM OPINION

Plaintiff Kevin Henderson ("Henderson") brought suit against JPMorgan Chase Bank, N.A. ("Chase") alleging breach of contract, unjust enrichment, and a claim for "failure to release [a] lien," all arising under Maryland law. ECF 2, at 2–3 (capitalization altered).[1] Pending before the Court is Chase's motion to dismiss (the "Motion"). ECF 10 (Motion); ECF 11 (memorandum in support). Henderson filed an opposition, ECF 13, and Chase filed a reply, ECF 15. All filings include memoranda of law, and some filings include exhibits. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below, Chase's Motion is **DENIED**, and this case is remanded to state court.

### I. BACKGROUND

Henderson alleges that he owned a property at 9879 Bayline Circle, Owings Mills, Maryland (the "Property"), and "executed a Home Equity Line of Credit (HELOC) secured by a lien on the Property." ECF 2, at 2 ¶ 5. According to Henderson, he "paid off the HELOC in full, with a nominal surplus balance" in December of 2005. *Id.* ¶ 6. "Chase advised that the surplus

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

would keep the account open as an unsecured line of credit." *Id.* After the HELOC was paid off, Henderson alleges that Chase "failed to file a Certificate of Release or Satisfaction of Lien in the Maryland Land records, thereby failing to properly release the lien." *Id.*

Henderson alleges that from 2004 to 2024, he "made ongoing interest-only payments" on the HELOC, "which Chase accepted, but the loan never transitioned to a fully amortizing schedule." *Id.* ¶ 8. In 2009, "Chase engaged in a brief amortization period . . . but subsequently reverted to interest-only status." *Id.* ¶ 9. Henderson is no longer the owner of the property. *See id.* ¶ 11. Nevertheless, "[i]n 2024, Chase issued a Notice of Foreclosure on the Property and IRS Form 1098 history indicating the loan as secured." *Id.* ¶ 10.

Henderson filed his complaint in the Circuit Court for Baltimore County, alleging breach of contract (Count I), unjust enrichment (Count II), and a claim of "[f]ailure to release lien" under Md. Code Ann., Real Prop. §§ 3-105 and 3-105.2. *Id.* at 2–3 (capitalization altered). Henderson requests compensatory damages, "including title-curative costs and damages from misapplied servicing," "[a]n order directing the recording of a Certificate of Release of Lien," "[r]estitution and disgorgement of amounts improperly collected in violation of the lien status," and "[d]eclaratory relief clarifying lien status and the precise entitlement to title clearance." *Id.* at 3–4. Chase removed the case to federal court on the basis of diversity jurisdiction. ECF 1. Chase then filed the pending motion to dismiss, which is ripe for disposition. ECF 10.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted," and Chase rests its dismissal motion on this rule. *See* ECF 10, at 1. However, the Court has an independent duty to determine whether it has jurisdiction over the case. *Wells v. Johnson*, 150 F.4th 289, 297 (4th Cir. 2025) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998)). Whether a plaintiff has standing to sue is a threshold

inquiry for any lawsuit. *Hein v. Freedom from Religion Found., Inc.*, 551 U.S. 587, 597 (2007). "To establish Article III standing, a plaintiff must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157–58, (2014) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)); *see also Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "[A] plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000).

"The doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction, which extends only to actual cases or controversies." *Fleet Feet, Inc., v. Nike, Inc.*, 986 F.3d 458, 463 (4th Cir. 2021) (quoting *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)). This means that, throughout the litigation, a plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (quoting *Lewis*, 494 U.S. at 477).

Because Plaintiff brings this suit pro se, the Court must liberally construe his pleadings, holding them to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This leniency has its limits, though. "A court may not construct the plaintiff's legal arguments for him, nor is a district court required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Runge v. Barton*, No. CIVA 6:08-0231-GRA, 2009 WL 3245471, at *1 (D.S.C. Oct. 2, 2009) (first citing *Small v.*

3

*Endicott*, 998 F.2d 411 (7th Cir. 1993); and then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)), *aff'd*, 368 F. App'x 361 (4th Cir. 2010).

## III. ˙ ANALYSIS

Counts I and II of the complaint allege breach of contract and unjust enrichment. Under the breach of contract claim, Henderson alleges that Chase breached "a contractual duty to release the lien upon payoff, provide accurate servicing[,] and maintain accurate notices and disclosures related to the loan." ECF 2, at 2 ¶ 13. Specifically, Henderson claims that Chase "fail[ed] to record a release or certificate of satisfaction after payoff," "maintain[ed] non-amortizing status while collecting interest," and "issu[ed] foreclosure notices inconsistent with the lien's status." *Id.* at 3 ¶ 13. With respect to unjust enrichment, Henderson contends that Chase "was unjustly enriched by continuing to collect interest and related charges on the loan despite allegedly lacking a valid, properly recorded lien in the land records following payoff." *Id.* ¶ 16.

These claims lack an injury in fact traceable to Chase's conduct. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 578 U.S. at 339. "[A] plaintiff may not satisfy the strictures of Article III by alleging 'a bare procedural violation, divorced from any concrete harm.'" *Edmondson v. Eagle Nat'l Bank*, 344 F.R.D. 72, 76–77 (D. Md. 2023) (citing *Spokeo*, 578 U.S. at 341). In order to show that they have suffered "an injury in fact," a plaintiff must allege a "concrete and particularized" and "actual or imminent invasion of a legally protected interest." *Lujan*, 504 U.S. at 560. An injury is "particularized" where it "affect[s] the plaintiff in a personal and individual way." *Id.* at 560 n.1. "To satisfy standing's causation requirement, the alleged injury must be 'fairly . . . trace[able] to the challenged action of the defendant.'" *DiCocco v. Garland*, 52 F.4th 588, 592 (4th Cir. 2022) (alterations in original) (quoting *Lujan*, 504 U.S. at 560). A plaintiff must show a "causal

connection between the injury and the conduct complained of." *Lujan*, 504 U.S. at 560. The causal connection must not be excessively attenuated. *Id.* at 560–61. Stated plainly: "[n]o concrete harm, no standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021).

Henderson's claims are predicated on Chase's failure to release its lien on the Property after Henderson allegedly paid off his HELOC in 2005. ECF 2, at 2 ¶ 13 (alleging this action violated §§ 3-105 and 3-105.2 of the Real Property article of the Maryland Code). But this essentially alleges a mere statutory violation, which does not amount to a concrete harm required to establish an injury in fact. *See Fernandez v. RentGrow, Inc.*, 116 F.4th 288, 294–95 (4th Cir. 2024) (explaining that mere statutory violation, standing alone, is insufficient to establish injury in fact). For example, Henderson acknowledges that he continued to pay interest on the HELOC account "[f]rom 2004 through 2024," ECF 2, at 2 ¶ 8, which, as reflected in documents he attaches to his complaint,[2] stem from a balance and interest he owed to Chase, *see* ECF 2-1, at 8; ECF 2-2, at 39; ECF 2-3, at 26–31. Thus, Henderson owed interest and payments regardless of whether

---

[2] Without turning a motion to dismiss into one for summary judgment, the Court may consider "documents attached to the complaint, 'as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.'" *Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019) (quoting *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). A document is "integral" when "its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis omitted). Henderson attaches hundreds of pages of documentation to his complaint, the authenticity of which Chase does not challenge. Included in this stack is a summary of the transactions related to Henderson's loan, which both parties agree are integral to the complaint. *See* ECF 2, at 4 (noting in complaint the attachment of "payoff history" and related records and Henderson's reliance thereon); ECF 11-1, 2–3 (Chase relying on same in arguing dismissal). As such, the Court will consider these documents as it determines standing. *See N. Carolina Fisheries Ass'n, Inc. v. Pritzker*, No. 4:14-CV-138-D, 2015 WL 4488509, at *3 (E.D.N.C. July 22, 2015) (considering a facial challenge to standing by reviewing "only the amended complaint and its attached materials, and any documents attached to the motion to dismiss that are integral to the complaint and authentic").

Chase properly released the 2005 lien. Moreover, the complaint does not reflect Henderson suffered any injury from the alleged "title cloud" over the Property, since he sold the Property over twenty years ago and no longer has an interest in the title. ECF 2, at 2 ¶ 11; ECF 2-2, at 71 (stating Henderson sold the Property on October 27, 2005); *cf. Graves v. OneWest Bank, FSB*, Civ. No. PWG-14-1995, 2015 WL 2452418, at *4 (D. Md. May 20, 2015) (finding standing in a foreclosure-related suit lacking because "[w]ithout ownership, Mr. Graves would not suffer any injury from Defendant's actions with regard to the Property"); *White v. Lee*, No. 1907, Sept. Term, 2024, 2026 WL 709616, at *7 (Md. App. Mar. 13, 2026) ("White lacked standing to quiet title in her individual capacity because she holds no ownership interest in the Property[.]").

The allegations also do not demonstrate that the notice of foreclosure issued by Chase in 2024 caused Henderson any concrete harm. ECF 2, at 2 ¶ 10. Henderson does not allege that Chase initiated a foreclosure and, further, he admits he no longer had an interest in the Property when the notice was issued. *Id.* ¶¶ 10–11; *cf. Chalk v. PNC Bank, Nat. Ass'n*, Civ. No. CCB-11-3052, 2012 WL 2915289, at *3 (D. Md. July 16, 2012) (finding a plaintiff faced no injury in fact premised on an allegedly defective notice of intent to foreclose "[b]ecause no foreclosure action was pending at the time [the] Complaint was filed").

And although Henderson contends that damages "include title-curative costs, lost refinancing opportunities, improper interest accruals, and incidental damages," ECF 2, at 3 ¶ 14, he does not allege that he incurred any such costs. *Cf. Jones v. Gateway First Bank*, No. 2:26-CV-00033, 2026 WL 1481942, at *3 (S.D.W. Va. May 27, 2026) (explaining that no concrete injury occurred where a plaintiff alleged "that a loan servicer violated state consumer protection laws by miscalculating her payments and made false and misleading representations" because there was no allegation that she "made any excessive payments or expended any resources as a result of the

6

statutory violation" (citation modified)); *see also Davis v. First Nat'l Bank of Pennsylvania*, Civ. No. SAG-24-1575, 2024 WL 4007947, at *2 (D. Md. Aug. 30, 2024) (finding no concrete harm where "Plaintiff has not alleged that he was overcharged or suffered any increased costs in his Complaint, nor has any party adduced evidence that he was overcharged"). Though Henderson raises complaints with how his HELOC was handled over two decades ago, "[f]ederal courts do not possess a roving commission to publicly opine on every legal question." *Ramirez*, 594 U.S. at 423. Accordingly, Henderson has failed to allege any injury in fact flowing from Chase's conduct.

Moreover, Henderson's "failure to release lien" claim is moot. ECF 2, at 3 (capitalization altered). With respect to this claim, Henderson "seeks declaratory relief and an order directing" a release of the lien. *Id.* ¶ 18. But Chase affirms, and Henderson does not dispute, that it "*did* record a release of lien in the Baltimore County Registry of Deeds on October 14, 2025." ECF 11, at 8 (emphasis in original); ECF 11-1, at 2 (showing the release of lien on the property). Henderson counters that "[w]hile the *lien* is released, the damages caused by the 20-year Cloud on Title remain." ECF 13, at 3 (emphasis in original). However, as discussed above, Henderson does not allege that he incurred any actual damages from a clouded title. Given that the lien release has been recorded, there is no need for an "order directing the recording of a Certificate of Release of Lien" or a declaratory judgment "clarifying lien status and the precise entitlement to title clearance." ECF 2, at 4. This claim has been rendered moot. *Cf. Poindexter v. Mercedes-Benz Credit Corp.*, No. 1:13-CV-1200, 2014 WL 3827366, at *3 (E.D. Va. July 25, 2014) (finding a request for "a declaration that Defendant has no valid lien against the Property" was "rendered moot by the recording of a Certificate of Satisfaction in the land records of Loudoun County"), *aff'd*, 792 F.3d 406 (4th Cir. 2015).

Because the Court concludes Henderson lacks Article III standing, it cannot reach the merits of Chase's 12(b)(6) motion. *See Lowy v. Daniel Def., LLC,* 167 F.4th 175, 202–03 (4th Cir. 2026). The Motion is thus denied without prejudice. Where, as here, "a federal court finds a case that has been removed from state court . . . does not satisfy the requirements of Article III standing, it is obligated to remand that matter to state court." *Crouse v. First Nat'l Bank of Pennsylvania,* Civ. No. SAG-24-1216, 2024 WL 4007931, at *3 (D. Md. Aug. 30, 2024). Accordingly, this case will be remanded to the Circuit Court for Baltimore County, where it was originally filed.

## IV. CONCLUSION

For the foregoing reasons, Chase's motion to dismiss is DENIED. Because Henderson lacks standing to maintain this action in federal court, the case is REMANDED to the Circuit Court for Baltimore County.

A separate implementing order will issue.

Dated: July 9, 2026

/s/
Brendan A. Hurson
United States District Judge

8